**Rogelio SANCHEZ–JIMENEZ,
Petitioner,**

v.

**Michael B. MUKASEY, Attorney
General, Respondent.**

No. 02–73598.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2008.*

Filed Aug. 7, 2008.

Rogelio Sanchez–Jimenez, Las Vegas, NV, pro se.

District Counsel, Esquire, Office of the District Chief Counsel, U.S. Department of Homeland Security, Phoenix, AZ, James A. Hunolt, Esquire, OIL, Emily Anne Radford, Esquire, U.S. Department of Justice, Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: B. FLETCHER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Rogelio Sanchez–Jimenez, a native and citizen of Mexico, petitions pro se for re-

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for suspension of deportation. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the IJ's continuous physical presence determination, *Lopez–Alvarado v. Ashcroft*, 381 F.3d 847, 851 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the IJ's determination that Sanchez–Jimenez failed to establish seven years of continuous presence, because his brother's testimony regarding their entry date was unclear and he provided insufficient corroboration. *See Singh–Kaur v. INS*, 183 F.3d 1147, 1150 (9th Cir.1999) (a contrary result is not compelled where there is "[t]he possibility of drawing two inconsistent conclusions from the evidence") (internal quotation marks and citation omitted).

We do not address Sanchez–Jimenez's contentions regarding extreme hardship because the IJ's continuous physical presence determination is dispositive. *See Kalaw v. INS*, 133 F.3d 1147, 1150-51 (9th Cir.1997) (to qualify for suspension of deportation, an applicant must show seven years continuous physical presence, good moral character and extreme hardship).

Sanchez–Jimenez's challenge to the BIA's streamlining procedure is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 852 (9th Cir.2003), and we are unpersuaded that the BIA's decision to streamline his case was improper.

**PETITION FOR REVIEW DENIED.**